**Donald B. CHANDLER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 27201.**

United States Court of Appeals Fifth Circuit.

June 13, 1969.

Donald B. Chandler, pro se.

Theodore Klein, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ This is an appeal from the denial without hearing of a motion to withdraw guilty plea, Rule 32(d), F.R.Crim. P., and to vacate judgment and sentence, 28 U.S.C. § 2255.[1] Appellant, having waived the assistance of counsel and pled guilty, was convicted of a violation of the Dyer Act, 18 U.S.C. § 2312. Pursuant to his request, he signed a waiver of his right to take a direct appeal and was sentenced immediately.

■ He now alleges that he was arrested without probable cause and denied a preliminary hearing. The district court correctly held that the plea of guilty waived all non-jurisdictional defects, including these. Frye v. United States, 5th Cir.1969, 411 F.2d 562; Busby v. Holman, 5th Cir.1966, 356 F.2d 75.

■ The court also held appellant's contention that his plea was accepted without inquiry into its voluntariness to be refuted by the transcript of the proceedings. We agree.

■■ Finally, appellant contends he is innocent of the crime because he did not steal the automobile but merely rented it. The testimony of the F.B.I. special agent at the arraignment proceedings amply demonstrates that Chandler had converted the vehicle to his own use. See United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; United States v. Meek, 7th Cir.1968, 388 F.2d 936. Moreover, the defense of innocence cannot be raised by one who has entered a valid plea of guilty. Frye v. United States, *supra*.

■ Since appellant's contentions were refuted by the files and records of the case, a § 2255 evidentiary hearing was not required. See Hunter v. United States, 5th Cir.1969, 409 F.2d 1203; Streator v. United States, 5th Cir.1968, 395 F.2d 661.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.