UNITED STATES of America, Plaintiff-Appellee,

v.

Albert Kenneth BANKSTON, Defendant-Appellant.

No. 27861

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 10, 1970.

W. E. Gore, Jr., Jackson, Miss. (Ct. Apptd.), for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Albert Kenneth Bankston, appellant, was convicted in the district court for violation of Sections 2113(a) and (d), Title 18, U.S.C. The jury found appellant

guilty of armed robbery of the Citizens National Bank in Plain, Mississippi.[1] The evidence showed convincingly that the appellant was the person who took approximately $23,000.00 from the Plain Bank at gunpoint on September 11, 1968. After an adjudication of guilty as charged, the trial judge sentenced Bankston to twenty-five years confinement in the custody of the Attorney General.

Reversal is urged upon two grounds requiring discussion: (1) that the trial court erred in overruling appellant's motion to quash the jury venire when appellant was brought into the courtroom at the opening of his trial in the presence of the jury venire wearing handcuffs; and further (2) that the court erroneously admitted evidence obtained from a search of an apartment occupied by one Toni Gentry, appellant's female traveling companion. We find these contentions without merit and affirm the judgment below.

### I.

The appellant was brought into the courtroom while handcuffed and went directly to the counsel table where the cuffs were removed. Appellant had the cuffs on in the presence of the jury venire for approximately one minute. Counsel for appellant brought this to the attention of the court prior to the impaneling of the jury for his trial, and advised the court he wished to present a motion to quash the panel. The court did not deal with the matter immediately, but proceeded with selection of the trial jury until a midmorning recess, when a hearing on the motion was held out of the presence of the venire. The court determined that appellant had not been prejudiced by the handcuffing and that trial before a new and uninfected panel was not required by the circumstances.

The trial judge was familiar with the appellant's background[2] and had instructed the U. S. Marshal's office to use whatever restraints were considered necessary in handling the prisoner and in transporting him to and from the courtroom. Clearly this was a matter to be resolved by the trial judge in the exercise of his sound discretion. Gregory v. United States, 8 Cir. 1966, 365 F.2d 203–205; Cwach v. United States, 8 Cir. 1954, 212 F.2d 520, 527–528; McDonald v. United States, 8 Cir. 1937, 89 F.2d 128, 136. No abuse of such discretion is here demonstrated.

### II.

The record indicates that appellant, while in the company of his female companion, Mrs. Gentry, was arrested on September 13, 1968, by special agents of the F.B.I., in a parking lot at the rear of Mrs. Gentry's apartment on Vespasion Street in New Orleans, Louisiana. At the time of the arrest, the F.B.I. agents found $3,430 on appellant's person and $14,390 in an attache case he had placed on the sidewalk upon their approach. Thereafter, with Mrs. Gentry's consent, the F.B.I. agents searched her apartment and found an empty leatherette case identified by bank employees as identical to one used by the robber.

Appellant contends that it was reversible error for the district court to admit, over objection, the leatherette case found in Mrs. Gentry's apartment. This contention fails for several reasons. Appellant argues that the leatherette case was not fully identified by government witnesses as the one used during the robbery. The witnesses were able only to say that it was similar. This objection we think went to the weight of the evidence, not to its admissibility. The witnesses in the bank of course had no op-

---

1. The Plain Citizens National Bank was a branch bank of the Citizens National Bank of Jackson, Mississippi, a national bank, whose deposits were insured by the Federal Deposit Insurance Corporation.

2. Appellant had attempted to escape after his arrest in New Orleans and later in Jackson, Mississippi, less than three weeks prior to the trial. He had in fact escaped by kidnapping the sheriff and others at gunpoint.

portunity to place an identifying symbol on the case they saw. No motion to suppress was made and no objection was offered on the ground that the case was the fruit of an unlawful search. Thus the legality of the search itself was not put in issue.

█ Assuming appellant had standing to object to the claimed unlawful search under Jeffers[3], his total reliance on Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, is misplaced. This circuit in Lyon v. United States, 5 Cir. 1969, 416 F.2d 91 [Sept. 4, 1969], held that Chimel was not to be applied retroactively. Accordingly, appellant cannot rely on Chimel's new test[4], because the search in our case took place prior to the decision date of Chimel.[5]

█ Under decisions controlling pre-Chimel the validity of a search without warrant incident to a valid arrest depended upon whether the search was reasonable in the "totality of the circumstances". See United States v. Rabinowitz, 1960, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, and Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L. Ed. 1399.

█ We hold further that even assuming that the search of the Gentry apartment was unreasonable under the broader "totality of the circumstances" test of Rabinowitz and Harris, supra, the admission of the fruit (the leatherette case) of this search was harmless error, because of the presence of overwhelmingly sufficient other circumstantial evidence of appellant's guilt. The finding of the leatherette case was of small significance indeed compared to the finding of the nearly $18,000 on and directly adjacent

to Bankston's person at the time of his arrest.

The remaining issues raised by the appellant do not merit discussion.

Affirmed.

---

3. United States v. Jeffers, 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

4. Chimel overruled Harris and Rabinowitz, infra, text, on their own facts, and held a search without a warrant incident to a lawful arrest must be confined to the person and area from within which the person might obtain either a weapon or something that could be used as evidence against him.

5. Chimel was decided June 23, 1969. Bankston was tried January 20, 1969.