**Albert Kenneth BANKSTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30114**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1970.

————◆————

Albert K. Bankston, pro se.

Robert E. Hauberg, U. S. Atty., S. D. Miss., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Albert Kenneth Bankston has appealed from the district court's denial, without an evidentiary hearing, of his motion to vacate his judgment of conviction and sentence.[1] We affirm.

The appellant is attacking his conviction and sentence for armed bank robbery, a violation of 18 U.S.C. § 2113(d). He was convicted upon trial by jury; and the judgment was affirmed on di-

---

changed after he was ordered to report. Paszel v. Laird, 2 Cir., 426 F.2d 1169 (1970).

\* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

I. 28 U.S.C. § 2255.

rect appeal. United States v. Bankston, 5th Cir. 1970, 424 F.2d 714.

The appellant contends that the indictment is fatally defective because it fails to name the persons whose lives were put in jeopardy during the robbery. The indictment alleged that they were "persons and employees of the said bank;" and the appellant did not file a pre-trial motion for a bill of particulars seeking any further information regarding their identity.

The applicable law is stated in 4 Barron and Holtzoff, Federal Practice and Procedure, § 1913, as follows:

> "If the sufficiency of an indictment is not questioned at the trial, the indictment must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. [citing cases]"

See also Rosecrans v. United States, 5th Cir. 1967, 378 F.2d 561; Bush v. United States, 6th Cir. 1965, 347 F.2d 231; Machibroda v. United States, D.C.N.D. Ohio 1965, 243 F.Supp 16. In light of these authorities, the indictment in this case clearly is not open to collateral attack.

Appellant Bankston contends that his sentence is illegal because the trial court failed to specify how much of it applies to each of the counts. The district court held that the 25-year sentence was awarded on the basis of the one-count violation of § 2113(d); and we agree. Reference in the one-count indictment to subsection (a) of § 2113 was appropriate because an element of the subsection (d) offense charged is that it occurred while the accused was committing an offense defined in subsection (a) of § 2113.

■ The appellant made a bare allegation that government witnesses "per-

jured themselves." No facts are stated in support of this assertion, which therefore fails to state a valid claim for § 2255 relief. See Stein v. United States, 9th Cir. 1968, 390 F.2d 625; United States v. Angelet, 2nd Cir. 1958, 255 F.2d 383.

■ Bankston also complains of the admission in evidence of oral statements made by him to FBI agents. This seems to be based on his assumption that to be admissible, such statements must be in writing. That, of course, is not the law; and the trial record shows that a Jackson v. Denno (1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) type hearing was held at which a showing was made that the oral statements to officers were preceded by full warnings in compliance with the standards of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. The brief does not urge that the statements were coerced.

The appellant contends that the trial judge was prejudiced against him, but the record itself refutes this. We have also examined and considered the appellant's other § 2255 contentions. These we find to be either refuted by the files and records of the case or insufficient as a matter of law to entitle the appellant to relief.

We hold that the district court did not err in denying the motion to vacate without holding a hearing, on the basis of the files and records. See Chandler v. United States, 5th Cir. 1969, 413 F.2d 1018; Pope v. United States, 5th Cir. 1968, 398 F.2d 834, cert. denied, 1969, 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787; Streator v. United States, 5th Cir. 1968, 395 F.2d 661.

The judgment of the district court is due to be and it is hereby

Affirmed.