John VASI, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 30432

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1971.

John Vasi, pro se.

Robert W. Rust. U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

**PER CURIAM:**

This is an appeal from an order of the District Court, entered without a hearing, denying the motion of Vasi, a federal prisoner, to vacate sentence pursuant to 28 U.S.C.A. § 2255. We affirm.

Vasi, represented by privately-retained counsel, was convicted on his pleas of guilty of conspiracy and possession of counterfeit federal reserve notes, in violation of 18 U.S.C.A. §§ 371 and 472. He was sentenced to concurrent terms of four years and eight years. Upon a motion for modification of sentence pursuant to Rule 35, Fed.R.Crim. P., sentence was made to run concurrently with an earlier federal sentence.

In his § 2255 motion Vasi contended that his guilty plea was induced by his counsel's promise that he would receive a two year sentence, and that counsel was ineffective because he failed to file an appeal after he was so instructed. The District Court denied relief, finding that Vasi's guilty plea was knowingly and voluntarily entered and further found no merit to the allegation that counsel was ineffective.

 A review of the record which includes transcripts of Vasi's arraignment and sentencing, reveals that the court explicitly informed Vasi that it could make no promises respecting the sentence. Vasi stated that he understood this and that he was entering his plea because he was in fact guilty and not in response to any promise of leniency. Vasi's allegations are clearly refuted by the record. Cooper v. United States, 5 Cir. 1970, 430 F.2d 1325; Moore v. United States, 5 Cir. 1970, 425 F.2d 1290, 1291; Chandler v. United States, 5 Cir. 1969, 413 F.2d 1018.

 Vasi contends that, although he instructed counsel to file an appeal, counsel nevertheless filed a motion for reduction of sentence. The District Court granted the motion. Under the circumstances of this case counsel pur-

New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

sued the only course available to his client. We agree with the District Court that there is no merit to Vasi's allegation of ineffective counsel.

The judgment below is

Affirmed.