**Harvey Lee McDONALD, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 28398
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

**448**

J. W. Moulton, Decatur, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

■ On July 29, 1966, appellant plead guilty to the charge of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312, the Dyer Act. He was sentenced by the court to the custody of the Attorney General for a period of four years. Appellant filed a motion on May 14, 1969 to set aside his plea of guilty and to vacate his sentence pursuant to 28 U.S.C.A. § 2255 for the reasons that his plea was not voluntarily entered and that the court did not comply with Rule 11 of the Federal Rules of Criminal Procedure. This appeal is from a denial of that motion. We find no error in the denial and affirm the judgment below.[1]

■ In his § 2255 petition appellant contended that an FBI agent induced him to plead guilty by assuring him that he would receive a lighter sentence than might ordinarily be expected. The FBI agent filed an affidavit with the Court and testified at the hearing on the motion that absolutely no assurances, inducements, threats or promises of any kind were made by him to appellant.

Whether the FBI agent made any promises or assurances to induce appellant to plead guilty is a question of fact and not of law. The question is one of credibility, and the finding of the trial court will not be set aside unless it is clearly erroneous. In light of the affidavits and testimony given by the agent and in the absence of concrete proof to the contrary, it cannot be said that the Court below was clearly erroneous in its finding that the entering of the guilty plea was voluntary.

■ Appellant's second point of error is that the District Court did not strictly comply with Rule 11 of the Federal Rules of Criminal Procedure. That Rule requires the Court to personally address the defendant and determine that his guilty plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea.

In the present case, the Court explained the charge and informed appellant of the maximum sentence possible. However, appellant was not asked if his plea was voluntarily entered. Thus, strictly speaking, Rule 11 was not fully complied with.

Until the case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), there was some conflict among the judicial circuits as to the procedure to be followed when Rule 11 is not strictly adhered to. This Court has held that the burden of demonstrating from the record of the Rule 11 hearing that the guilty plea was voluntarily entered is upon the government and if voluntariness cannot be determined from the record, the case must be remanded for an evidentiary hearing on that issue. Lane v. United States, 373 F.2d 570 (5th Cir., 1967). The Ninth Circuit, however, has held that when the District Court does not comply fully with Rule 11, the defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew. Heiden v. United States, 353 F.2d 53 (9th Cir., 1965).

The Supreme Court has put an end to this conflict between the circuits by adopting the rule as promulgated in the Heiden case—that a defendant whose plea has been accepted in violation of a strict adherence to Rule 11 must be af-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

forded the opportunity to plead anew. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). However, the McCarthy ruling is inapplicable to the present case because

" * * * only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their pleas were accepted without full compliance with Rule 11." Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969).

Since the holding of McCarthy is to be applied only prospectively, and this plea was entered on July 29, 1966, we must look to the law existing before the McCarthy case. As indicated above, the only earlier requirement was that if voluntariness could not be determined from the record, an evidentiary hearing was required. In the present case, appellant obtained an evidentiary hearing on his motion to vacate. There being no showing that he was in any way prejudiced at that hearing, appellant has received all that he is entitled to receive. The judgment of the District Court is

Affirmed.