**Rodolfo Munoz PEREZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–2246.**

United States Court of Appeals, Fifth Circuit.

July 14, 1971.

Rodolfo Munoz Perez, pro se.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Rodolfo Munoz Perez has applied to this Court for leave to appeal *in forma pauperis* from the district court's denial of his motion to vacate [1] conviction and sentence. We grant leave to appeal; and affirm in part and reverse in part.

The appellant is serving a general sentence of 25 years following conviction on two counts of knowingly receiving, concealing, etc., a quantity of illegally imported heroin in violation of 21 U.S.C. § 174; and on two counts of sale of heroin in violation of 26 U.S.C. § 4705(a). This Court denied leave to take a direct appeal *in forma pauperis;* and the Supreme Court denied certiorari. Munoz Perez v. United States, 1961, 366 U.S. 978, 81 S.Ct. 1933, 6 L.Ed.2d 1266.

The appellant contends that at his said trial, (1) he was denied adequate assistance of counsel; (2) the court was prejudiced against him; and (3) defense witnesses were not subpoenaed in his behalf. The district court held that these allegations are refuted by the trial record; and we find no error in that ruling. See Rule 52(a), F.R.Civ.P.; McDonald v. United States, 5th Cir. 1970, 428 F.2d 447; Sanchez v. United States, 5th Cir. 1968, 401 F.2d 771, cert. denied 1969, 394 U.S. 962, 89 S.Ct. 1313, 22 L.Ed.2d 564.

1. 28 U.S.C. § 2255.

Appellant further avers that his sentencing as a second narcotics offender was illegal. This is predicated on the asserted invalidity of his prior conviction under former 26 U.S.C. § 2593(a), the predecessor of 26 U.S.C. § 4744(a) (1).

In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court held, *inter alia,* that timely assertion of the privilege against self-incrimination is a complete defense to a charge of violation of 26 U.S.C. § 4744 (a). We have recently held that this *Leary* ruling shall have retrospective effect. Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190.

The Supreme Court held in Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, that the privilege against self-incrimination is a complete defense to prosecution for violation of the wagering tax statutes. Subsequently in United States v. Lucia, 5th Cir. 1970, 423 F.2d 697, cert. denied 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 [May 3, 1971], our Court en banc held that *Marchetti* is retroactive, and we granted relief in the nature of coram nobis to one who had completed service of his sentence more than two years before *Marchetti* was decided. We believe that relief in the nature of coram nobis is likewise available to Munoz Perez relative to his 1950 "tax count" conviction. See Harrington v. United States, supra.

The appellant is presently serving a recidivist sentence in excess of that which he could have been awarded as a first offender under any of the counts for which he was convicted in 1960. See 26 U.S.C. § 7237; 21 U.S.C. § 174. The sentence thus is vulnerable to attack on authority of our decision in Benson v. United States, 5th Cir. 1964, 332 F.2d 288, due to the invalidity of the prior conviction which was relied on for enhancement of sentence.

The present sentence of the appellant must be vacated and he is to be resentenced as a first offender in accordance with the provisions of 26 U.S.C. § 7237 and 21 U.S.C. § 174.[2] Appellant's 1950 conviction in the court below for violation of former 26 U.S.C. § 2593(a) also must be vacated. In all other respects the order appealed from is affirmed.

Affirmed in part, reversed in part, and remanded, with directions.

---

2.  See North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.