**Ysidoro Cruz GUERRA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1722.**

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1971.

Ysidoro Cruz Guerra, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Ysidoro Cruz Guerra appeals from the denial of his motion to vacate [1] his sentence as a recidivist under the Boggs Act, 26 U.S.C. § 7237. We affirm.[2]

1. 28 U.S.C. § 2255.

2. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

The appellant was convicted on his plea of guilty of having fraudulently and knowingly received, concealed and facilitated the transportation of a quantity of heroin after it had been illegally imported into the United States.[3] The government filed a Boggs Act information alleging two prior convictions for enhancement of sentence. Without defense objection thereto, the court sentenced the appellant to serve 15 years. There was no direct appeal.

■ Appellant has sought to have this sentence vacated on grounds that one of his prior convictions had been set aside and the other was improperly used as a prior conviction under the Boggs Act.[4]

Judge Jack Roberts, who ruled on the merits of the § 2255 motion, was also the judge who had awarded the 15-year sentence. He denied § 2255 relief on grounds that the sentence was not in any way based on the Boggs Act information. In the order appealed from, the court below made these findings:

"* * * upon a full and careful review of all the records relating to the sentence now under attack, the Court finds that it did not rely upon either of the two prior convictions advanced in the Boggs Act Information in pronouncing sentence upon petitioner. The sentence imposed was five years less than the maximum that could have been imposed had the Boggs Act Information not been filed, and was decided upon the basis of other information in the presentence report concerning petitioner's character, life and habits, the circumstances of the offense charged, petitioner's prior police record (other than the convictions offered in the Boggs Act Information) and petitioner's forfeiture of bonds after failing to appear for arraignment in this case and another pending state action. Any error that may have

been committed by allowing the Boggs Act Information to be filed was therefore harmless, and petitioner's sentence must stand."

These findings are supported by the record, including the transcript of the proceedings at which the appellant pled guilty. There, upon inquiry by the court, the appellant admitted that what transpired was actually a sale of heroin to an agent of the Federal Bureau of Narcotics, as charged in another count of the indictment. The court also made other inquiries of the appellant during those proceedings but did not advert to the nature or the facts of the appellant's prior convictions.

In Perez v. United States, 5th Cir. 1971, 445 F.2d 791 we vacated a Boggs Act sentence of 25 years and remanded the case for resentencing, because of invalidity of the prior conviction relied on for enhancement. There, however, the general sentence imposed was greater than the maximum imposable on a first offender for any of the counts; and the judge who ruled on the § 2255 motion had not been the sentencing judge.

In Williams v. United States, 5th Cir. 1971, 445 F.2d 1023, we vacated a recidivist sentence which was in excess of that which the appellant could have received as a first offender, the prior convictions being invalid as a matter of law. The district court had held in both *Munoz Perez* and *Williams* that the prior convictions relied on for enhancement of sentence were valid judgments, and that was the basis for the rulings.

In the case *sub judice*, however, Judge Roberts has found that the sentence he awarded the appellant is that which he would have imposed if Guerra had not been charged as a recidivist. The sentence is well within legal limits for a first offense.

---

3. In violation of 21 U.S.C. § 174.

4. It was for smuggling marihuana in violation of 18 U.S.C. § 545, which statutory

offense is not one of those enumerated in 26 U.S.C. § 7237(c) as appropriate for enhancement of sentence in event of prior convictions therefor.

We find no clear error in the District Court's fact findings nor error of law in its refusal to vacate or reduce the appellant's sentence. Therefore we affirm the order from which this appeal is taken.

Affirmed.