Leo Frederick **HEINE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 23119.

United States Court of Appeals
Fifth Circuit.

July 18, 1966.

Virgina Q. Beverly, Asst. U. S. Atty.,
Jacksonville, Fla., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

The petitioner, Leo Frederick Heine, was convicted September 11, 1964, for possession of Federal Reserve notes in violation of 18 U.S.C. § 472. In this 28 U.S.C. § 2255 proceeding, the petitioner asserts that he was denied the right to counsel and that the trial judge cited an improper title of the United States Code in sentencing him. The district court denied a hearing on the petition. We affirm.

■ The transcript shows that at Heine's arraignment the trial judge thoroughly explained to Heine his right to counsel and the significance of the charges against him. The judge asked the petitioner three times whether he desired counsel. Twice the petitioner replied "No, sir"; to the third question he responded "No, sir, I don't think so." From this dialogue and the record as a whole we find that the petitioner competently and intelligently waived his constitutional right to the assistance of counsel. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Twining v. United States, 5 Cir. 1963, 321 F.2d 432.

■ The transcript indicates that the trial judge sentenced Heine under "28 U.S.C. § 4208(a) (2)", a non-existent judicial Code section, rather than 18 U. S.C. § 4208(a) (2), which is the Criminal Code section covering eligibility for parole. This simple transposition of title numbers, whether the error of the judge or the reporter, does not affect the judgment or the sentence. The intention of the court in imposing sentence on the petitioner clearly appears from the judgment as a whole. See Valdez v. United States, 5 Cir. 1957, 249 F.2d 539. The court correctly referred to 18 U.S.C. § 4208(a) (2) in the record of judgment and the commitment.

The judgment is affirmed.