**Morris Melvin JOHNS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26002.**

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1968.

* Harry Phillips, of the Sixth Circuit, sitting by designation.

896

Morris Melvin Johns, pro se.

Edward F. Boardman, U. S. Atty., John W. Caven, Jr., Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

This is an appeal by a federal prisoner from the denial of his motion to vacate sentence, 28 U.S.C.A. § 2255, under one count of an indictment. We affirm.

The appellant, represented by court-appointed counsel, was convicted, upon his plea of guilty, of conspiracy, burglary of a post office, and theft of government property. He was sentenced on November 3, 1967, to serve three concurrent five year terms. There was no direct appeal.

The District Court vacated the judgment relative to the conspiracy and burglary counts on the ground that the record showed that the appellant intended to plead guilty only to the larceny count.

The appellant contends that his plea was induced by a promise of a postal inspector that the sentences would run concurrently with a state sentence which the appellant was serving. The District Court rejected this contention on the basis of the files and records, including transcripts of the proceedings at which the appellant pleaded guilty and was sentenced.

The record shows that at arraignment the appellant specifically stated to the court that he was pleading guilty freely and voluntarily and that his plea was not induced by any promise whatsoever. The judge informed the appellant in positive terms that the court never entertained recommendations of a prosecutor or investigator as to what sentence should be imposed. Neither the appellant nor his counsel made any comment upon this.

At the sentencing proceedings, the court explained in detail to the appellant, that his sentence would commence after his release from state custody. The court then asked, "Does that explain it to you?" to which the appellant answered merely, "Yes, sir."

The facts of this case are similar to those of Pursley v. United States, 5 Cir. 1968, 391 F.2d 224, wherein we held that the District Court did not err in denying § 2255 relief on the basis of the files and records. Accord: Helpman v. United States, 5 Cir. 1967, 373 F.2d 401.

The judgment of the District Court is Affirmed.