**James Edward FRYE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 27203
Summary Calendar.

United States Court of Appeals
Fifth Circuit.
May 8, 1969.

James Edward Frye, pro se.

Edward F. Boardman, U. S. Atty., Thomas G. Wilson, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

Without a hearing the District Court denied a motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant contends that he was mentally disturbed when he pled guilty and that he was permitted to enter a plea without benefit of counsel. He further offers an alibi for the period when the crime was committed.

Upon the motion of the United States Attorney, pursuant to 18 U.S.C. § 4244, the trial court ordered a psychiatric examination of appellant to determine his competency to stand trial. A hearing was subsequently held which appellant attended. The trial court found that appellant was able to understand the nature of the charges against him and that he was able to assist in preparing his defense. 18 U.S.C. § 4244; Merrill v. United States, 5 Cir. 1964, 338 F.2d 763; Meador v. United States, 9 Cir. 1964, 332 F.2d 935. The District Court found no allegations in the § 2255 petition which would necessitate a further hearing of appellant's competency to stand trial. Floyd v. United States, 5 Cir. 1966, 365 F.2d 368. We agree.

The record contains the waiver of counsel signed by appellant and the transcripts of the arraignment, competency hearing and sentencing reveal that appellant was repeatedly advised of his right to have counsel appointed for him. Each time appellant expressly stated he did not wish counsel. A defendant can waive his right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Stubblefield v. Beto, 5 Cir. 1968, 399 F.2d 424. It is clear from the record that appellant did so. Heine v. United States, 5 Cir. 1966, 363 F.2d 756; Cuff v. United States, 5 Cir. 1962, 311 F.2d 185.

Appellant's final contention is that he is innocent and he seeks to offer an alibi. However, his conviction being the direct result of a plea of guilty voluntarily and knowingly entered, he may not now raise the defense of his innocence. Hornbrook v. United States, 5 Cir. 1954, 216 F.2d 112. A guilty plea is an admission of all facts alleged in the indictment and a waiver of all non-jurisdictional defenses. Henderson v. United States, 5 Cir. 1968, 395 F.2d 209; Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82. The judgment of the court below is affirmed.

Affirmed.