Ruben Torres MEJIA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 29270.

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1970.

---

·Ruben Torres Mejia, pro se.

Seagal V. Wheatley, U. S. Atty., John Truelson, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Ruben Torres Mejia appeals from the district court's denial of his motion to vacate judgment and sentence.[1] We affirm.[2]

 Petitioner pleaded guilty on December 8, 1965 to smuggling 535 pounds of marihuana into the United States in violation of 21 U.S.C.A. § 176a. He now attacks the judgment of conviction entered on that plea. There is no merit in his contentions either that Rule 11, F.R.Cr.P. was not complied with or that Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 entitles him to relief.[3]

The judgment of the district court is affirmed.

### DR–69–CA–8

United States District Court
Western District of Texas
Del Rio Division

Ruben Torres Mejia,

versus

United States of America

### ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

On December 8, 1965, petitioner pled guilty to Count One of a four-count indictment charging a violation of 21 U.S. C. § 176a. On December 13, 1965, sentence was imposed at 15 years imprisonment. United States v. Mejia, No. 12390 Cr., W.D.Tex., Dec. 13, 1965. Petitioner here moves for vacation of that sentence on the grounds that (a) the trial court failed to comply with the requirements of Rule 11, F.R.Cr.P., in that "the trial court did not establish a factual basis for the plea," and (b) 21 U.S. C. § 176a was found unconstitutional by the Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969).

---

1. 28 U.S.C. § 2255.

2. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

3. The order of the district court, explicating the reasons for denial of relief on these grounds, is appended hereto.

As to ground (a), the Court finds that that portion of Rule 11 requiring that "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea" was added by amendment of February 28, 1966, effective July 1, 1966, and was hence inapplicable to this petitioner's plea. The files and records herein conclusively show that prior to acceptance of petitioner's plea of guilty the Court addressed the petitioner personally and determined that the plea was made freely and voluntarily with an intelligent understanding of the nature of the offense charged and the consequences of the plea and with the advice of competent counsel. See Chandler v. United States, 413 F.2d 1018 (5th Cir. 1969); Hunter v. United States, 409 F. 2d 1203 (5th Cir. 1969); Tittle v. United States, 407 F.2d 843 (5th Cir. 1969); Grant v. United States, 406 F.2d 1295 (5th Cir. 1969); Johns v. United States, 401 F.2d 895 (5th Cir. 1968); Streator v. United States, 395 F.2d 661 (5th Cir. 1968); Berlanga v. United States, 394 F.2d 615 (5th Cir. 1968); and cases cited therein. It further conclusively appears from the files and records, including the trial of petitioner's co-defendant Michael L. Archibald and petitioner's testimony thereat, that there was more than adequate factual basis to support his plea. The Court was so satisfied at the time judgment was entered thereon and is so satisfied now. No more was or is required. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); cf., Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

As to ground (b), the Court finds that Leary v. United States, *supra*, did not hold § 176a unconstitutional, but only that application of that portion of § 176a which allows a jury to "infer" certain knowledge from the fact of possession violated due process. Since petitioner's cases did not go to a jury, the holding in *Leary* is patently inapplicable to his conviction. Moreover, his voluntary and understanding plea was an admission of all facts alleged in Count One, including illegal importation and guilty knowledge, and a waiver of all non-jurisdictional defects. Rice v. United States, 420 F.2d 863 (5th Cir. 1969); Todd v. United States, 418 F.2d 134 (5th Cir. 1969); Chandler v. United States, *supra*; Frye v. United States, 411 F.2d 562 (5th Cir. 1969); Henderson v. United States, 395 F.2d 209 (5th Cir. 1968); Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

For the foregoing reasons, the Motion must be, and the same is hereby, in all things, denied, and it is so ordered.

Entered this 31st day of December, 1969.

(Signed) D. W. SUTTLE
United States District Judge