437 F.2d 1251
 Harvey Lee McDONALD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30613 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 4, 1971.
 
 Harvey L. McDonald, pro se.
 Allen I. Hirsch, Asst. U.S. Atty., John W. Stokes, Jr., U.S. Atty., Atlanta, Ga., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from the district court's denial of the appellant's fourth motion to vacate his judgment and sentence, 28 U.S.C. 2255. We affirm.
 
 
 2
 The appellant has contended that (1) he was mentally incompetent when he signed an incriminating statement which he gave to an FBI agent; (2) the statement is insufficient to establish the elements of the offense; and (3) he was actually innocent.
 
 
 3
 McDonald was convicted upon his plea of guilty of a Dyer Act violation, 18 U.S.C. 2312. He was sentenced on July 29, 1966; and there was no direct appeal. This Court recently affirmed a previous denial, after a full evidentiary hearing, of 2255 relief to the appellant. McDonald v. United States, 5th Cir. 1970, 428 F.2d 447. In those proceedings the appellant appeared and testified, but did not mention mental incompetence as grounds for relief.
 
 
 4
 By the order appealed from, the district court held that the judgment was validly based on appellant's plea of guilty, which constituted a waiver of all non-jurisdictional defects. The court held further that the appellant waived his claim of mental incompetence by his failure to present it in previous 2255 motions. We agree with the district court on both points. See Henderson v. United States, 5th Cir. 1968, 395 F.2d 209; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Juelich v. United States, 5th Cir. 1968, 403 F.2d 523, cert. denied 394 U.S. 1002, 89 S.Ct. 1598, 22 L.Ed.2d 779. Upon McDonald's previous appeal we affirmed the ruling that his guilty plea was freely and voluntarily entered by him. Under these circumstances the defense of innocence can not be raised in 2255 proceedings. Frye v. United States, 5th Cir. 1969, 411 F.2d 562; cf. North Carolina v. Alford, 1970,400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.
 
 
 5
 We find no error in the order appealed from, and accordingly it is affirmed.
 
 
 6
 Affirmed.