Cornell SMITH, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71-2164

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1971.

Cornell Smith, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from the district court's denial of the appellant's motion to vacate his judgment and sentence, filed pursuant to 28 U.S.C.A. § 2255. We affirm.

On November 24, 1970 the appellant entered a plea of guilty to the offense of conspiracy to smuggle heroin into the United States, 21 U.S.C.A. § 174, and thereupon a sentence of five years was imposed. He now seeks to have that conviction set aside on the bases that the indictment did not allege facts sufficient to inform him of any overt act with which he was charged, and that he was entrapped by government officials to commit the offense.

The indictment charges that between January 19 and February 20, 1970 Smith and others bought quantities of heroin from Sammy Moya Chavez. In addition, in response to Smith's motions for particularization and for discovery the Government amplified the overt acts alleged in the indictment by directly naming Smith as a participant in a conversation furthering the conspiracy which was held at a precisely designated location in the City of Fort Worth, Texas. Clearly, the indictment was not insufficient.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

As the district court correctly held, a valid plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses. This includes the defense of entrapment. Hayes v. Smith, 447 F. 2d 488 (5th Cir. 1971); Mejia v. United States, 430 F.2d 1273 (5th Cir. 1970); Frye v. United States, 411 F.2d 562 (5th Cir. 1969); Henderson v. United States, 395 F.2d 209 (5th Cir. 1968). Since the appellant has failed to allege that his plea of guilty was invalid, the district court's preemptory denial of § 2255 relief was not erroneous.

Accordingly, the judgment appealed from is

Affirmed.