**William Robert GRIER, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–3060.**

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1973.

---

**1158**

William Robert Grier, pro se.

William S. Sessions, U.S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

William R. Grier appeals from the district court's decision denying relief under 28 U.S.C. § 2255. We affirm.[1]

On January 20, 1970, William R. Grier was arrested and charged with smuggling marijuana in violation of 21 U.S.C. § 176a. Represented by privately retained counsel, Grier later pleaded guilty to a violation of 26 U.S.C. § 4744(a)(2), which makes it an offense to transport or conceal marijuana without having paid the special transfer tax imposed by 26 U.S.C. § 4741(a). The indictment for smuggling marijuana was later dismissed.

On June 5, 1970, Grier filed a motion to vacate his sentence under 28 U.S.C. § 2255. Grier contended that his guilty plea was not an effective waiver of the defense that section 4722 violates his privilege against self-incrimination. The district court denied relief and Grier appealed.

■ In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57, the Supreme Court held that the privilege against self-incrimination is a complete defense to a prosecution under 26 U.S.C. § 4744(a). As a general rule, however, a voluntary guilty plea constitutes a waiver of all non-jurisdictional defenses. Smith v. United States, 5 Cir. 1971, 447 F.2d 487; McDonald v. United States, 5 Cir. 1971, 437 F.2d 1251; Frye v. United States, 5 Cir. 1969, 411 F.2d 562. An exception to this rule is that a defendant cannot be presumed to have waived a defense that later became available through judicial decision. Harrington v. United States, 5 Cir. 1971, 444 F.2d 1190; see also Cachoian v. United States, 5 Cir. 1971, 452 F.2d 548; Smedberg v. United States, 5 Cir. 1971, 448 F.2d 401.

■ In the present case, Grier's arrest and conviction occurred almost a year after *Leary* was decided. Since the defense of self-incrimination was available to Grier at the time he entered his guilty plea, we conclude that the defense was waived by the guilty plea.

The judgment of the district court must be affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.