Garfield **JEFFERSON**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 73-2874
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1974.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Garfield Jefferson, pro se.

W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

We vacate the denial of petitioner's collateral attack on his 1970 sentence as a second narcotics offender, and remand for further proceedings concerning the validity of his first offense, a 1951 conviction for failure to comply with the transfer provisions of the Marijuana Tax Act (26 U.S.C.A. § 4744).

The appellant was convicted in 1951 for violating the Marijuana Tax Act, 26 U.S.C.A. § 4744(a)(1), now repealed. During those proceedings he waived his right to counsel, pled guilty, and was given a two-year sentence, which has now been fully served.

On March 19, 1970, Jefferson was convicted of unlawful transportation, receiving and concealing heroin in violation of 21 U.S.C.A. § 174. On the basis of the 1951 conviction, the trial court sentenced him to serve fifteen years as a second narcotics offender.[1]

Three years later, the appellant filed this 28 U.S.C.A. § 2255 motion to have the 1951 conviction set aside on authority of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and to be resentenced as a first offender on his present conviction.

---

1. The penalty provision under 21 U.S.C.A. § 174 provides that a first offender shall be imprisoned not less than 5 or more than 20 years. For a second or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years.

The Government answered the *pro se* petition and has briefed the *pro se* appeal in the case at bar as if petitioner's 1951 conviction was under 21 U.S.C.A. § 176a. The District Court assumed as much and denied the petition on the ground that *Leary* is inapplicable to a conviction based on a plea of guilt to a § 176a offense.[2] This ruling would be proper had the appellant pled guilty to a charge under § 176a. The record, however, clearly reflects that the 1951 conviction was based upon a violation of 26 U.S.C.A. § 4744(a)(1).[3]

The application of *Leary* to a prior § 4744(a)(1) violation is entirely different from its effect on a § 176a conviction. In *Leary* two questions were before the court: (1) whether Leary's conviction for failing to comply with the transfer tax provisions of the Marijuana Tax Act (26 U.S.C.A. § 4744) violated his Fifth Amendment privilege against self-incrimination; and (2) whether he was denied due process by allowing the jury to presume from his mere possession that he knew that the marijuana was illegally imported, in a prosecution for violation of 21 U.S.C.A. § 176a. The Court held that § 176a included an unconstitutional presumption that the possessor of marijuana knew it was illegally imported. The presumption becomes a factor only if the case is tried. A guilty plea eliminates the defect in 176a because the presumption is not used by a trier of fact. Mejia v. United States, 430 F.2d 1273 (5th Cir. 1970).

Section 4744(a)(1), however, was found to violate an accused's privilege against self-incrimination, because in order to comply with the Act, a person necessarily must incriminate himself. The failure to comply with the Tax Act, therefore, could be defended on the right not to incriminate oneself. This constitutional defense to charges under § 4744 is to be accorded retrospective application in both guilty plea and jury verdict convictions. Harrington v. United States, 444 F.2d 1190 (5th Cir. 1971). As this Court recently held in Grier v. United States, 472 F.2d 1157 (5th Cir. 1973), an accused who enters a voluntary plea of guilty cannot be presumed to have waived a defense that later became available through judicial decision.

Thus, unless it can be determined that petitioner knowingly and understandingly waived his Fifth Amendment defense to the tax violation by his guilty plea to the 1951 charge, his prior conviction must be vacated and the District Court must resentence him as a first offender, without consideration of the prior invalid conviction. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *See* Franchi v. United States, 464 F.2d 1035 (5th Cir. 1972).

Accordingly, we vacate the judgment appealed from, and remand the cause for further proceedings in accordance with the procedures set down in Lipscomb v. Clark, 468 F.2d 1321 (5th Cir. 1972).

Vacated and remanded.

2. As the District Court held, and the Government argues, this Court held in Mejia v. United States, 430 F.2d 1273, 1275 (5th Cir. 1970), that *Leary* did not hold § 176a unconstitutional but only that the application of § 176a which allows a trier of fact to "infer" certain knowledge from the facts of possession violated due process. *Leary* is patently inapplicable to a plea of guilt which eliminates the necessity for a trial.

3. Petitioner pled guilty to an indictment charging that he "unlawfully and knowingly acquir[ed] and obtain[ed] marijuana without paying the special tax upon the transfer thereof as is required and provided for in

Marijuana Tax Act of 1937." This was a violation of 26 U.S.C. § 2593(a) (ch. 23A, 53 Stat. 281), superseded by § 4744(a)(1) in 1954. In 1970, § 4744(a)(1) (ch. 736, 68A Stat. 562) was repealed. 21 U.S.C.A. § 176a (ch. 629, title I, § 106, 70 Stat. 570) was added in 1956. There appears to be no good explanation as to why the Government asserted to the District Court and this Court that the 1951 indictment charged a § 176a violation. The information filed with the 1970 sentencing court correctly set forth that petitioner was convicted in 1951 for a violation of § 2593(a).