# United States Court of Appeals
## For the First Circuit

No. 07-1650

DONOVAN WALKER,

Petitioner, Appellant,

v.

LOIS RUSSO, SUPERINTENDENT,
SOUZA-BARANOWSKI CORRECTIONAL CENTER,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Leslie W. O'Brien for petitioner.
Eva M. Badway, Assistant Attorney General, with whom
Martha Coakley, Attorney General, was on brief, for respondent.

October 19, 2007

**LYNCH**, **Circuit Judge**. This is an appeal from a denial of a habeas corpus petition, under 28 U.S.C. § 2254, by Donovan Walker. Walker was convicted of first degree murder in Massachusetts state court and is serving a sentence of life imprisonment.

There is no doubt Walker killed Tyrone Davis outside a bar in November 1999 by stabbing him in the head. The only question at trial was whether the defendant was guilty of first degree murder or a lesser offense; that depended on whether the murder was premeditated.

On January 6, 2005, the Massachusetts Supreme Judicial Court ("SJC") affirmed on appeal Walker's conviction and the denial of his motion for a new trial. Commonwealth v. Walker, 820 N.E.2d 195, 198 (Mass. 2005). The court rejected his attack on the self-defense instruction given to the jury and his claim of ineffective assistance of counsel.

Later, on January 27, 2006, Walker filed a second motion for a new trial in state court that raised a different argument as to how his trial counsel had been constitutionally ineffective. Walker claimed, inter alia, that trial counsel had failed to elicit specific testimony from the bartender that Walker had been leaving the bar before there was an altercation between Walker and Davis outside. After the superior court denied the motion, Walker filed an application for leave to appeal to the SJC. On July 11, 2006,

a single justice of the SJC found that Walker had failed to raise new or substantial claims, as Massachusetts requires in order to grant appellate review to a defendant convicted of first degree murder who makes a motion after the conclusion of his direct appeal. See Mass. Gen. Laws ch. 278 § 33E.

Walker then filed for federal habeas relief in the District of Massachusetts, in part on the basis of the new argument regarding ineffective assistance of counsel. The district court rejected all of his claims. His appeal to this court is based only on his most recent claim of ineffective assistance of counsel.

Normally, the fact that a claim is procedurally defaulted in state court is an adequate and independent state ground precluding federal habeas relief. See, e.g., Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (when a state court declines to address federal claims because defendant fails to meet a state procedural requirement, the judgment rests on independent and adequate state grounds); Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002) (because the SJC "regularly enforces the rule that a claim not raised is waived," procedural default in Massachusetts courts constitutes an independent and adequate state ground); Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995) ("[A] state court decision resting upon a finding of procedural default . . . forecloses federal habeas review . . . .").

Walker does not argue he should be excused from his default because he can show cause and prejudice. See Wainwright v. Sykes, 433 U.S. 72, 84-85, 87 (1977) (a habeas petitioner's state procedural default can be excused if petitioner can show both cause for and prejudice resulting from the default). Given that Walker's ineffective assistance argument was not based on anything new, this was a reasonable assessment.

Rather, Walker argues he should be excused from his procedural default because he is actually innocent. In addition to cause and prejudice, a second ground for bypassing state procedural default is available if a petitioner can demonstrate actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases. See, e.g., id. (noting the actual innocence exception is reserved for the "extraordinary" case).

The district court, in a well-reasoned opinion, found that Walker had not come close to showing actual innocence. The district court used the standard from Schlup v. Delo, 513 U.S. 298 (1995), repeated by this court in Gunter: to establish actual innocence, "petitioner must show that it is more likely than not

that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Gunter, 291 F.3d at 83 (quoting Schlup, 513 U.S. at 327) (internal quotation marks omitted). We affirm the denial and rely on the district court's opinion, and also add a few words.

Walker's actual innocence claim rests on his assertion that trial counsel did not elicit specific testimony from the bartender that Walker was leaving the premises before Davis was killed.[1] If this evidence were added into the mix, Walker's theory goes, a jury would have acquitted because if Walker was leaving the premises he could not have planned to stab Davis and so the murder was not premeditated.

The gaps in the argument are too large for Walker to meet the actual innocence standard. Walker first argues that the district court evaluated his claim using the wrong standard. Walker argues that the district court used a sufficiency of the evidence standard instead of combining the new evidence with what

---

[1] This is the actual innocence claim that Walker presented to the district court and on which the district court based its decision. In his brief to this court, Walker argues that other alleged errors of counsel -- not eliciting specific testimony that Davis's friends at the scene were armed with bottles, not seeking to introduce these friends' criminal histories, and not calling the bartender's brother to corroborate the bartender's testimony -- also provide new evidence that supports his actual innocence claim. Since this argument was not made to the district court, we review it only for plain error. United States v. Leahy, 473 F.3d 401, 409-10 (1st Cir. 2007). There was no error; Walker is very distant from making the showing necessary for actual innocence.

the jury heard and then determining whether a reasonable jury could have convicted on the basis of the combined evidence. In fact, the record demonstrates that the district court used exactly the standard Walker advocates.

As the district court held, it is likely that a jury could have found Walker guilty beyond a reasonable doubt even if the bartender had testified that Walker was leaving. Whether Walker had a premeditated intent to kill Davis before he left the bar to go outside was not the issue. There was ample opportunity in the time before and during the altercation that followed for Walker to have formed the intent for a premeditated murder. Under Massachusetts law, "no particular length of time is required in order to show deliberate premeditation. It may be a matter of days, hours, or even seconds. 'It is not so much a matter of time as of logical sequence.'" Commonwealth v. Coren, 774 N.E.2d 623, 629 (Mass. 2002) (citations omitted) (quoting Commonwealth v. Palmariello, 466 N.E.2d 805, 816 (Mass. 1984)).

We add another reason: the purported statement by the bartender was, at best, cumulative. The jury heard that prior to the altercation, the bartender escorted Walker to the parking lot. The jury also heard evidence that Walker stated, while arguing with Davis in the parking lot, "I want to get to my car. No one is pushing me there." Adding the bartender's statement that before

the altercation Walker was leaving adds little, if anything, of value.

This case presents no reason to discuss whatever refinements of the actual innocence test have been added by <u>House v. Bell</u>, 126 S. Ct. 2064 (2006). However, we do note that Walker's suggestion that the evidence underlying the actual innocence claim in <u>House</u> is comparable to the evidence here is completely unsupportable. <u>See</u> <u>House</u>, 126 S. Ct. at 2078-86 (cataloging new evidence in support of petitioner's actual innocence, including new DNA test results and an alleged confession by the victim's husband).

The judgment of the district court is <u>affirmed</u>.