DANIEL R. DOMINGUEZ, Senior United States District Judge
Before the Court are the following motions: (a) Marciano Olivo-Rosa's ("Petitioner" or "Olivo-Rosa") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (D.E. 1)[1] , (b) Petitioner's Amended Motion under Section 2255 (D.E. 10)[2] ; and (c) the United States of America's ("Respondent") Responses in opposition (D.E. 5 and D.E. 23). For the reasons set forth below, Petitioners Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence are DENIED.
I. BACKGROUND
On August 15, 2012, Olivo-Rosa was charged in a two count Indictment charging violations of 18 U.S.C. §§ 1951, 924(c), *370 and § 2 (Cr. No. 12-626 (DRD), D.E. 24)[3] . On July 19, 2013, Olivo-Rosa was charged in a six count Superseding Indictment for violations to 18 U.S.C. §§ 1951, 924(c), and § 2 (Cr. No. 13-095 (ADC), D.E. 63)[4] . On June 23, 2014, Olivo-Rosa appeared before a Magistrate Judge and in a consolidated proceeding, pled guilty to Count One in criminal case 12-626 (DRD) and to Counts One, Three, Four, and Five in criminal case 13-095 (ADC) (Cr. 12-626 (DRD), D.E. 139)[5] .
Count One of Cr. No. 12-626 (DRD) charged : "On or about July 19, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [another co-defendant and] [2] Marciano Olivo-Rosa, the defendants herein, aiding and abetting each other, did knowingly and willfully agree to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants did unlawfully take approximately $ 3,800.00, in addition to merchandise with value of $ 410.00, from Advanced Auto Parts, store 6639. The aforementioned was done in the presence of victims, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, the defendants threatened and pointed firearms to the person inside the store in order to commit the robbery. All in violation of Title 18 United States Code, Section 1951." (Cr. No. 12-626, D.E. 24 at p. 1).
Count One of Cr. No. 13-095 (ADC) charged : "That on or about November 7, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [another co-defendant] and [3] Marciano-Olivo-Rosa, a/k/a, Marci, the defendants herein, aiding and abetting each other, did knowingly and unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants [another co-defendant} and Marciano Olivo-Rosa, a/k/a, Marci, did unlawfully take SEVEN HUNDRED AND SEVENTY-THREE DOLLARS ($ 773.00), from AutoZone, in the presence of employees, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, threatening the employees with a firearms in order to commit the robbery. All in violation of Title 18 United States Code, Section 1951 and Title 18, United States Code, Section 2. (Cr. No. 13-095, D.E. 63 at p.p. 1-2).
Count Three of Cr. No. 13-095 (ADC) charged : "That on or about October 9, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, Marciano Olivo-Rosa, the defendant herein, aiding and abetting [another person], did knowingly and unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendant Marciano Olivo-Rosa, *371 a/k/a, Marci, did unlawfully take approximately ONE-THOUSAND FIVE-HUNDRED AND TWENTY-NINE DOLLARS ($ 1,529.00), from Advanced Auto Parts, in the presence of employees, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, threatening the employees with a firearms in order to commit the robbery. All in violation of Title 18 United States Code, Section 1951 and Title 18, United States Code, Section 2. (Cr. No. 13-095, D.E. 63 p. 3).
Count Four of Cr. No. 13-095 (ADC) charged : "That on or about October 9, 2012, in the District of Puerto Rico and within the Jurisdiction of this Court, [3] Marciano Olivo-Rosa, a/k/a, Marci the defendant herein, aiding and abetting [another person], did knowingly use, carry, and brandish firearms and ammunition, that is, a black pistol, during and in relation to a crime of violence, as charged in Count Three of the Indictment, [Robbery by force] for which the defendant may be prosecuted in a court of the United States, that is Interfering with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18 United States Code, Section 2. (Cr. No. 13-095, D.E. 63 pp. 3-4).
Count Five of Cr. No. 13-095 (ADC) charged : "That on or about October 20, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, [3] Marciano Olivo-Rosa [and another co-defendant], aiding and abetting each other and [another person], did knowingly and unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants Marciano Olivo-Rosa, a/k/a, Marci, and [another co-defendant] did unlawfully take approximately ONE-THOUSAND FOUR HUNDRED AND NINETY-EIGHT DOLLARS ($ 1,498.00), from Advanced Auto Parts, in the presence of employees, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, threatening the employees with a firearms in order to commit the robbery. All in violation of Title 18 United States Code, Section 1951 and Title 18, United States Code, Section 2. (Cr. No. 13-095, D.E. 63 at pp. 4-5).
The defendant Marciano Olivo-Rosa entered into a Plea Agreement stipulating that he would request a term of imprisonment of 15 years regardless of the applicable guideline range and irrespective of his criminal history category; while the United States would request a term of imprisonment of 20 years regardless of the applicable guideline range and irrespective of defendant's criminal history category (Cr. No. 12-626 (DRD), D.E. 137 at p. 9). The parties did not stipulate as to any Criminal History Category (CHC) for defendant (Id. ). The Plea Agreement included a waiver of appeal providing that defendant would surrender his right to appeal the judgement and sentence if the Court sentenced him in accordance with the terms and conditions set forth in the Sentence Recommendation which was a Sentence between 15 and 20 years as stated in D.E. 137 at p. 9 (Cr. No. 12-626 (DRD), D.E 137 at p. 9). Defendant accepted responsibility for Count One assigned to the undersigned, as well as to Counts One, Three, Four (Count Four constitutes the use of a weapon under 18 U.S.C. 924(c)(1)(A)(ii) ), and Five, which was also assigned to the undersigned by the Honorable Aida Delgado-Colon, District Judge for the District of *372 Puerto Rico (Cr. No. 12-626 (DRD) D.E. 137). The defendant, thus, was charged with four robberies affecting interstate commerce, and accepted guilt in one weapon charge in Count Four (Cr. 13-095 (ADC) D.E. 137), for "the use of a weapon in furtherance of a violent crime, as charged in Count Three of this Indictment." (Cr. 12-626 (DRD) D.E. 137, p.4).
On November 14, 2014, Olivo-Rosa was sentenced to a total term of imprisonment of 216 months (Cr. No.12-626 (DRD), D.E. 156). The specific Sentence consists of a total of 132 months for the Robberies to be served concurrently, and 84 months to be served consecutively, for the charges under 18 U.S.C. § 924 (Cr. No.12-626 (DRD), D.E. 157 at p. 2). Judgment was entered on November 18, 2014 (Cr. No. 12-696 (DRD), D.E. 157), and on November 20, 2014, Olivo-Rosa filed a timely notice of appeal (Cr. No. 12-626 (DRD), D.E. 158). On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and filed a supporting brief arguing that there were no non-frivolous grounds for appeal. Olivo-Rosa did not file a pro se supplemental brief (Cr. No. 12-696 (DRD). D.E. 169). The Court of Appeals granted later a motion to withdraw, and summarily affirmed the District Court Judgment (Id. ).
On November 23, 2015, Petitioner Olivo-Rosa filed a timely pro se Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (D.E. 1 ). On March 8, 2016, Respondent filed a Response in opposition to Petitioner's Motion under Section 2255 (D.E. 5). On February 13, 2017, Petitioner, represented by the Federal Public Defender, filed an Amended Motion to Vacate Under 28 U.S.C. § 2255 Motion (D.E. 10 ). On November 7, 2018, Respondent filed a Response to Petitioner's Amended Motion under Section 2255 (D.E. 23).
II. STANDARD OF REVIEW
Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under this statute [ § 2255 ] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); see Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994).
A motion under § 2255 is not a substitute for a direct appeal. Foster v. Chatman, 578 U.S. ----, 136 S.Ct. 1737, 1758, 195 L.Ed.2d 1 (2016). Hence, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's review unless the Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id. ; United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).
*373 Because Petitioner brings this collateral attack pro se , the Court construes the submissions liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted). Courts may dismiss pro se complaints "only if a [petitioner] cannot prove any set of facts entitling him or her to relief." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994) ); see Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 219 (1st Cir. 2016). "However, pro se status does not insulate a party from complying with procedural and substantive law. The policy behind affording pro se [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed, 118 F.3d at 890 (citation omitted). Thus, a pro se petitioner is not exempt from having to put forth the "requisite supporting facts" for each element of his or her claim. See Id.
III. DISCUSSION
In his § 2255 Petition and Amended Petition, Olivo-Rosa moves to vacate his sentence on the following grounds:
(1) Actual Innocence (D.E. 1, 1-1);
(2) Plea was not voluntary (D.E. 1);
(3) Ineffective Assistance of Counsel (D.E. 1);
(4) Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (D.E. 10).
A. Claim of actual innocence.
Petitioner claims actual innocence as to the charges in Count One in Cr. No. 12-626 (DRD) and Counts One and Four in Cr. No. 13-095 (ADC) (D.E. 1 at pp. 5-6). He also claims that he did not use a firearm during the robberies he did participate in (Id. ). Petitioner argues that he pled guilty against his will because he was forced by his defense counsel and the government to move for a change of plea (D.E. 1 at p. 2). In support of his claim of actual innocence Olivo-Rosa refers to the Complaint's Affidavit of FBI SA Devin J. Kowalski at paragraphs 8, 10-12, 21 and 22, filed on February 7, 2013[6] , in criminal case number 13-095 (D.E. 1). In addition, Olivo-Rosa submits as exhibits what he alleges are: (A) "the GPS locator on his phone"; (B) "the phone record of his co-defendants"; and (C) "a sworn affidavit from [his] co-defendant Domenech-Andino" (D.E. 1, at p. 6, and 1-1 Exhibits A, B and C).
The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases. Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), United States v. Barret, 178 F.3d 34, 57 (1st Cir. 1999). In order to succeed, the petitioner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008) (quoting House v. Bell, 547 U.S. 518, 536-537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) ).
In this case, Petitioner fails to meet his burden of actual innocence. First, Olivo-Rosa's reference to paragraphs 8, 10-12, *374 21 and 22 of the Affidavit of FBI SA Devin J. Kowalski, submitted with the Complaint in criminal case 13-095 (ADC), is clearly not new evidence. Second, Petitioner fails to establish that the documents submitted as Exhibits A, B and C, are newly discovered evidence. In addition, even assuming arguendo that said documents were new evidence, none of them present any new evidence that would sustain his claim of innocence. Exhibit A, which he identifies in his Motion as "the GPS locator on his phone", appears to be a GPS locator titled: Zoom-In of towers used at 8:39 PM . However, Exhibit A is not reliable evidence since it has no date and makes no reference to Olivo-Rosa. Exhibit B, which he identifies in his Motion as "the phone record of his co-defendants", appears to be Olivo-Rosa's mobile phone locator. However, although Exhibit B might challenge the legal sufficiency of the evidence, it is not a proper claim of innocence. Exhibit C, which he identifies as "a sworn affidavit from [his] co-defendant Domenech-Andino," is an undated and unsigned letter. As such, it is not an affidavit or an unsworn declaration under penalty of perjury, as provided by 28 U.S.C. § 1746[7] , that would support his claim of actual innocence. Therefore, since Olivo-Rosa has not presented in his Petition any new evidence that would sustain his allegation of innocence, his claim of actual innocence is meritless and is DENIED.
B. Plea was not voluntary
Petitioner claims that his plea was not voluntary because "counsel forced him to plead guilty by telling him that he either had to go to trial on all counts or plead guilty to all counts" (D.E. 1 at p. 2). He also claims, "that the United States forced him to plead guilty to all four robberies since he did commit the two on 09 and 20 October 2012" (D.E. 1 at p. 2).
The record contradicts Petitioner's contentions. First, the Defendant stated under oath that he was not threatened by "anybody" to enter into a guilty plea in this case. Answer: No. (D.E. 168, p.27).
THE COURT: Has anybody forced you, threatened you or coerced you to enter a guilty plea in this case?
DEFENDANT: No.
Second, at the change of plea hearing, the Prosecutor read the stipulation of facts attached to the Plea Agreement:
THE COURT: Very well. AUSA Bonanno.
MS. BONANNO: Yes.
THE COURT: You may proceed.
MS. BONANNO: The Stipulation of Facts attached to the Plea Agreement reads as follows: "At all times material to this case, Advanced Auto Parts and Auto Zone, located in the District of Puerto Rico, are places of business engaged *375 in the retail sale of auto parts that are manufactured in the United States and elsewhere, and travel in interstate or foreign commerce. Advanced Auto Parts and Auto Zone are industries that affect interstate and foreign commerce.
On or about July 19, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the Defendant, Marciano Olívo-Rosa, did knowingly and willfully obstruct, delay and affect commerce and the movement of articles and commodities in such commerce by robbery.
The Defendant did unlawfully take approximately three thousand, eight hundred dollars, in addition to merchandise with a value of four hundred and ten dollars, from Advance Auto Parts in the presence of victims against their will by use of actual and threatened force in order to commit the robbery.
On or about November 7, 2012, Marciano Olívo-Rosa did knowingly and unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in such commerce by robbery.
Marciano Olívo-Rosa did unlawfully take approximately seven hundred and seventy-three dollars from Auto Zone in the presence of employees against their will by use of actual and threatened force, violence and fear of injury in order to commit the robbery.
On or about October 9, 2012, Marciano Olívo-Rosa did knowingly and unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in such commerce by robbery. Marciano Olívo-Rosa did unlawfully take approximately one thousand, five hundred and twenty-nine dollars from Advance Auto Part in the presence of employees against their will be means of actual and threatened force, violence and fear of injury, that is threatening the employees with a firearm in order to commit the robbery.
Marciano Olívo-Rosa accepts that, on or about November 9, 2012 he knowingly used, carried and brandished a firearm, that is a black pistol, and in relation to a crime of violence, as charged in count three of Criminal Number 13-095(ADC), that is interfering with commerce by threats or violence.
On or about October 20, 2012, Marciano Olívo-Rosa did knowingly and unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in such commerce by robbery.
Marciano Olívo-Rosa did unlawfully take approximately one thousand, four hundred and ninety-eight dollars from Advance Auto Parts in the presence of employees against their will by means of actual and threatened force, violence and fear of injury in order to commit the robbery.
At trial, the United States would have proven, beyond a reasonable doubt, that the Defendant is guilty as charged in count one of Criminal Number 12-626, and counts one, three, four, and five of Criminal Number 13- 095, by physical and documentary evidence including, but not limited to, testimony of witnesses, agents from the Police of Puerto Rico, FBI, photographs, documents, and other physical evidence. Full Discovery was timely made available to the Defendant.".
THE COURT: Mr. Olívo, do you admit as true the summary of the evidence that has just been given by the Prosecutor?
DEFENDANT: Yes.
THE COURT: How do you wish to plead to count one, in Case 12-626, and *376 counts one, three, four, and five, in Case 13-095, guilty or not guilty?
DEFENDANT: Guilty.
(D.E. 168, pp. 27-30).
Third, at the Change of Plea hearing the Magistrate Judge went thoroughly over all the elements of the four Robberies that he was accepting, plus the weapon charge, i.e., the "use," "carry" and "brandish" of a firearm " a black pistol", during and in relation to a crime of violence as to Count Four related to the robbery at Count Three in Criminal 13-095 (Cr. No. 12-626 (DRD) D.E. 168 at pp. 16-20).
Olivo-Rosa represented to the Court that nobody had forced, threatened, or coerced him to enter a guilty plea. At no time during the change of plea hearing, Petitioner gave any indication that he was being forced to enter a guilty plea. Quite to the contrary, he admitted to every element of the offenses charged and did so in an intelligent and voluntary manner, with full knowledge of the consequences of his guilty plea. (D.E. 168). Therefore, for the reasons stated above, Petitioner's allegation that he was forced to enter a guilty plea is consequently absolutely meritless, and, hence is DENIED.
C. Ineffective Assistance of Counsel
Petitioner alleges his counsel was ineffective for failing to file an Alibi defense under Rule 12.1 of the Federal Rules of Criminal Procedure (D.E. 1 p. 2). However, it is well settled that by "waiving the right to a trial through a guilty plea, the defendant waives all non-jurisdictional defenses." United States v. Gonzalez-Arimont, 268 F.3d 8, 12 (1st Cir. 2001). An Alabi defense is a non-jurisdictional defense that Olivo-Rosa waived when he entered a plea agreement with the government. See Frye v. United States, 411 F.2d 562, 563 (5th Cir. 1969) (raising an alibi defense where the court held that if a conviction was a direct result of plea of guilty voluntarily and knowingly entered, a defendant could not, on motion to vacate sentence, raise defense of innocence because a guilty plea is an admission of all facts alleged in the indictment and a waiver of all non-jurisdictional defenses); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966) (holding that a plea of guilty, if voluntarily and understandingly made, is conclusive as to defendant's guilt, admitting all facts charged and waiving all non-jurisdictional defects in prior proceedings against him). Since Olivo-Rosa's conviction was as a result of his guilty plea, and the Court has established that Olivo-Rosa's guilty plea was made voluntarily and knowingly, Olivo-Rosa waived his right to an Alibi defense. Therefore, the Court finds that Petitioner's claim of ineffective assistance of counsel for failure to file an alibi defense is meritless and the same is DENIED.
D. Johnson v. United States, 576 U.S. ---- (2015); 135 S.Ct. 2551 192 L.Ed2d 569.
Petitioner, through the Federal Public Defender, filed an Amended § 2255 Motion, seeking that his sentence be vacated under Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), based on the fact that he was convicted under Section 924(c).
In Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at ----, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses *377 or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).
Section 924(c)(1)(A), pursuant to which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added). The underlined portion above is known as the "residual clause" of Section 924(c)(3). It should be noted that Petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a firearm during and in relation to a drug crime as well as a robbery affecting commerce. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of a Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime).
A robbery using a weapon in furtherance of a crime under the Hobbs Act, is not covered under the "residual clause" but under the "forced clause," that is, that weapons and the non "residual" conduct, does not constitute a case under Johnson, as the elements of the specific crime are "actual or threatened" criminal conduct. See United States v. Garcia-Ortiz, 904 F.3d 102, 108-109 (1st Cir.2018) ("[W]e therefore hold that because the offense of Hobbs Act robbery has as an element, the use of threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause"). "The elements of the Hobbs Act include 'an implicit mens rea element of general intent - or knowledge - as the active reus of the offense' citing United States v. Frates, 896 F.3d 96, 98 (1st Cir. 2018), and United States v. Ellison, 866 F.3d 32, 39 (1st Cir.2017). See Garcia-Ortiz, 904 F.3d at 108-109.
IV. CERTIFICATE OF APPEALABILITY
It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).
V. A FINAL NOTE
The Court finds that the recent Supreme Court decision in Garza v. Idaho, --- U.S. ----, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019) is inapplicable to the instant *378 case, as the record shows that Judgment was entered on November 18, 2014 (D.E. 157), and the Notice of Appeal was timely filed on November 20, 2014, by defendant's trial counsel of record, pursuant to Rule 4(6)(1) of the Federal Rules of Appellate Procedure.
VI. CONCLUSION
For the reasons stated, the Court concludes that Petitioner Marciano Olivo-Rosa's Motion and Amended Motion under U.S.C. § 2255 to vacate, set aside, or correct his sentence in Criminal Case No. 12-931(DRD) (D.E. 1 and D.E. 10) are meritless, and are not supported by the law, the record and petitioner's own statements made under oath to the Court. Hence, Mr. Olivo-Rosa's petitions filed under 28 U.S.C. Section 2255 must be DISMISSED.
Furthermore, Petitioner's request for an evidentiary hearing is DENIED, as the record shows no need to determine any judicial matter requiring a hearing.
IT IS SO ORDERED.

D.E. is an abbreviation for docket entry number.

The Federal Public Defender filed the amended petition on Olivo-Rosa's behalf.

Petitioner was charged in both counts.

Petitioner was charged in all six counts.

Pursuant to the Plea Agreement filed on June 23, 2014, the parties agreed to consolidate criminal case 12-626 (DRD) and 13-626 (ADC) for purposes of plea and sentence (Cr. 12-626 (DRD), D.E. 137 at p. 9).

See: Cr. No. 13-095 (ADC), D.E. 1.

28 U.S.C. Section 1746 (2) provides in its relevant part:
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
...
(2) If executed within the United States, its territories possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the forgoing is true and correct. Executed on (date). (Signature)".