653 F.2d 224
 Don A. ADAMS, Petitioner,
v.
Ernest P. MURPHY, Sheriff of Osceola County, and Louie L.
Wainwright, Director, Division of Corrections,
Department of Offender Rehabilitation,
Respondents.
 No. 78-2406.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 14, 1981.
 
 Andrea T. Mohel, Asst. Atty. Gen., Dept. of Legal Affairs, West Palm Beach, Fla., for respondents.
 Joseph F. McDermott, St. Petersburg, Fla., for petitioner.
 Appeal from the United States District Court for the Middle District of Florida.
 Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 Like the Wonderful Tar Baby, this habeas case possesses amazing adhesive qualities; no sooner is one set of issues settled than another arises. Its facts and lengthy procedural history are set out in our earlier certification opinion, reported at 598 F.2d 982 (5th Cir. 1979). We need repeat only a little of this here.
 
 
 2
 Petitioner Adams was charged with testifying falsely to a Florida grand jury. At the close of evidence in his state trial, defense requested a charge on "attempted perjury" as a lesser-included offense.[1] Though expressing doubt that such a crime existed, the trial court charged the jury both on perjury and "attempted perjury." Obedient to Murphy's Law,[2] the jury brought Adams in "guilty of the lesser included offense of attempted perjury."
 
 
 3
 After exhausting Florida remedies, petitioner sought habeas of our district court, which concluded that no such offense as attempted perjury existed under Florida law and granted the writ on due process grounds. On the state's appeal to us, we determined that the Florida law was doubtful as to the existence of such a crime as attempted perjury and certified that question to the ever-helpful Florida Supreme Court.[3] In due course that court replied in a four to three decision that Florida law recognizes no such crime as attempted perjury. Adams v. Murphy, 394 So.2d 411 (Fla.1981).[4] Florida now argues that since the error was invited by defense counsel as surely it was the writ should not issue. Indeed, to be candid, we must put the matter somewhat higher: counsel did not merely invite, he demanded the erroneous charge given.
 
 
 4
 Even so, Adams must go free. Florida has told us that he went to prison for an act that is not and has never been a crime under Florida law. Counsel's tactical choices may, in many circumstances, effectively contribute to his client's conviction. Advantages foregone for ephemeral benefits do not necessarily eventuate in writs. But only a legislature can denounce crimes. In a more complex case, we might proceed upon a more limited rationale, might resort to the solace of prior authority. Here there is no need. Nowhere in this country can any man be condemned for a nonexistent crime.[5]
 
 
 5
 It may be that the jury semi-pardoned Adams, by convicting him of the nonexistent, lesser-included offense. Even if this be so, there can be no doubt that it acquitted him of perjury; he can therefore never be tried again for that offense. Nor, of course, can he be called to account for the nonexistent crime. The district court was right. The writ must issue.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Florida has a general attempts statute, Fla.Stat. § 776.04 (1973)
 
 
 [2]
 "If anything can go wrong, it will."
 
 
 [3]
 Which has rejected none of our more than 30 requests for assistance, made in the course of the last 20 years
 
 
 [4]
 In a special concurrence, one of the Florida justices emphasized the invited nature of the trial error and the basic injustice involved in freeing petitioner on such a ground. While we sympathize with the latter sentiment, we are unable to avoid the perhaps unfortunate result in this particular case, concluding, as we must and do, that the law demands it for reasons that transcend a given case
 
 
 [5]
 To be distinguished are such decisions as Grier v. United States, 472 F.2d 1157 (5th Cir. 1973), and Smedberg v. United States, 448 F.2d 401 (5th Cir. 1971), which concern merely the waiver of defenses by an informed guilty plea. The analog to our case in that context would be a plea of guilty tendered to a nonexistent offense, say, ogling, as a lesser-included one to a charge of rape