Harold **BATISTE**, Petitioner-Appellant,

v.

Frank **BLACKBURN**, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 85–3042.

United States Court of Appeals, Fifth Circuit.

April 9, 1986.

---

Harold Batiste, pro se.

Ralph S. Whalen, Jr., New Orleans, La., for petitioner-appellant.

Beryl M. McSmith, Asst. Dist. Atty., Judith Brewster, Timothy M. Warner, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, RANDALL and GARWOOD, Circuit Judges.

GEE, Circuit Judge:

Harold Batiste today appeals the district court's dismissal of his petition for a writ of habeas corpus. Convicted in Louisiana for armed robbery, Batiste argues that the trial court's instructions regarding the elements of the crime effectually relieved the state from proving the existence of a dangerous weapon; this, he asserts, violated his right to a fair trial as guaranteed by the fourteenth amendment's due process clause. Because Batiste's contention is meritorious, we reverse the district court's judgment of dismissal and remand the case for further proceedings.

In October 1976, Batiste hijacked a delivery truck, eventually forcing the driver out and driving the vehicle himself. In doing so, he displayed no weapon but kept one hand in his coat pocket and motioned as though he held a concealed pistol. Assuming control of the truck, Batiste picked up two friends and frolicked about New Orleans for a couple of hours. A police officer then stopped the truck, however, and gunfire ensued. Although Batiste was wounded and subsequently captured, the police could never find any gun.

In his trial for armed robbery and attempted murder, a major issue was whether Batiste in fact used a gun. The officer who shot Batiste was the only witness claiming to have seen the weapon. The truck driver testified that he never saw a gun, while Batiste's two passengers could say only that the sounds of the shots differed in pitch. The jury apparently struggled in resolving this issue; after the original charge, it requested additional instructions on the difference between simple and armed robbery. The court instructed it that, "if the victim thinks the man has a gun and surrenders his money to him, then it is armed robbery." Batiste was convicted of armed robbery but was not guilty of the attempted murder charge. After unsuccessfully seeking reversal of his conviction in the Louisiana courts, he petitioned federal district court for the Great Writ. He now appeals the dismissal of his petition.

Louisiana's armed robbery statute is La.R.S. 14:64, which defines the crime as:

Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, *while armed with a dangerous weapon* (emphasis added).

Because it "is calculated or likely to produce death or great bodily harm," a handgun obviously falls within the definition of a dangerous weapon. La.R.S. 14:2(3). Where it is the weapon employed, therefore, the presence of a hand-gun becomes an element of the crime, one that the state must prove beyond reasonable doubt. *See In Re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Batiste contends that the trial judge's erroneous summation of Louisiana law relieved the state from proving that he actually used a weapon to hijack the truck. We agree.

By instructing the jury that armed robbery can result from the victim's mere subjective belief in the presence of a weapon, the trial judge reformulated the definition of that crime *ex post facto*. Under such a definition, no longer must a robber use a dangerous weapon to be considered armed; according to the trial court, he need only terrify his victim into believing that a weapon exists—regardless of the inaccuracy of the belief—to commit armed robbery. Try as we may, we cannot square such a definition of armed robbery with Louisiana law. The text of La.R.S.

14:64 requires the actual presence of a weapon. Louisiana appellate courts, moreover, have refused to interpret the statute so expansively. *See, e.g., State v. Elam,* 312 So.2d 318, 321 (La.1975). The question, therefore, is whether such a judicial re-formulation by the trial court can be countenanced.

■ And, of course, it cannot be. Louisiana recognizes no common-law offenses and specifically forbids the extension by analogy of its codal articles denouncing crimes. La.R.S. 14:3. The jury could have found Batiste guilty of simple robbery since it is a lesser included offense of armed robbery. This did not happen; rather, Batiste was both charged with and convicted of armed robbery. His was a most peculiar sort of armed robbery, however, one not found in Louisiana's statutes, a nonexistent crime. This case differs somewhat from *Adams v. Murphy,* 653 F.2d 224 (5th Cir.1981), for the crime there—"attempted perjury"—is both nonexistent and nonsensical. The principle is, however, the same; and *Adams* nevertheless compels us to conclude that the trial court's supplemental instruction violated Batiste's right to a fair trial. Once the legislature of such a state as Louisiana defines a crime, due process requires the state's courts to follow its definition or, at the least, to refrain from expanding it to delete significant elements of the definition *ex post facto.*

The dismissal of Batiste's petition is therefore REVERSED and this case REMANDED to district court for further proceedings consistent with our opinion.