# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 9, 2013

## OSCAR THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 1102189    James C. Beasley, Jr., Judge**

**No. W2012-01646-CCA-R3-PC  - Filed June 28, 2013**

Oscar Thomas ("the Petitioner") filed a petition for post-conviction relief from his guilty-pleaded convictions for carjacking and employing a firearm during the commission of a dangerous felony.  After an evidentiary hearing, the post-conviction court denied relief, and this appeal followed.  On appeal, the Petitioner contends that his plea was constitutionally invalid due to the ineffective assistance of counsel.  He also contends that his employing a firearm during the commission of a dangerous felony conviction violates Tennessee Code Annotated section 39-17-1324(c).  Upon our thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Gregory D. Allen, Memphis, Tennessee, for the appellant, Oscar Thomas.

Robert E. Cooper, Jr., Attorney General & Reporter; Renee W. Turner, Senior Counsel; Amy Weirich, District Attorney General; and Pamela Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Petitioner was indicted in April 2011 for one count of carjacking and one count of employing a firearm during the commission of a dangerous felony, to wit: carjacking.  On

August 1, 2011, the Petitioner entered a "best interest" plea[1] to the indicted offenses. Pursuant to the plea agreement, the trial court sentenced the Petitioner as a Range II offender to thirteen years on his carjacking conviction and to ten years on his employing a firearm during the commission of a dangerous felony conviction, to be served consecutively, for an effective sentence of twenty-three years.

*Guilty Plea*

At the guilty plea hearing, the State recited the factual basis for the Petitioner's plea as follows:

> [O]n July 5th, 2009, Ms. Viola Dotson was carjacked by two males at the BP Gas Station at Chelsea and Thomas here in Memphis, Shelby County. Shortly after midnight on that day she was attempting to get gas for her vehicle when two persons did approach her, produce a weapon and ask for her valuables and her keys to her car and they drove off in her car which was valued at $18,000.
>
> She did make that report. Nobody was apprehended that same day. July 11th . . . the carjacked vehicle was spotted[] . . . by Memphis Police Department Officers. At that point they did identify [the Petitioner] as the driver. They did arrest him at that time and place him on a hold.
>
> A photo-spread was shown on that same day to the victim in which she identified [the Petitioner] as the person who had held the gun at her and taken the keys to her car and driven off in her car with the other person.

The Petitioner's lawyer ("Trial Counsel") stipulated that "that would have been the [S]tate's proof had the matter gone to trial." However, Trial Counsel also stated,

> Throughout my dealings with [the Petitioner], he's all times vehemently denied the allegations as such but upon discussing it with him, his sentencing range, quite frankly, the [c]ourt could sentence him to forty-five years.
>
> There's also implications that regardless of what may happen here that there is federal interest in the case which his exposure is even greater. I think that we've discussed the fact that he has a young child that he wants to be

---

[1] *See* North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (holding that, when the prosecution demonstrated a strong factual basis for the defendant's guilt, the trial court committed no constitutional error in accepting a guilty plea from the defendant who, while protesting his innocence, deemed the plea to be in his best interest).

involved with and he thinks at this point because of all the exposure that this would be his best interest but still would like to say that he believes that he is not guilty of these charges.

The trial court accepted the Petitioner's "best interest" plea and entered the judgments against the Petitioner, sentencing the Petitioner to twenty-three years' incarceration.

*Post-Conviction*

The Petitioner subsequently filed for post-conviction relief in February 2012, alleging that his guilty plea was constitutionally infirm due to the ineffective assistance of counsel and that his conviction for employing a firearm during the commission of a dangerous felony must be set aside because it contravenes Tennessee Code Annotated section 39-17-1324(c) (2010). Regarding his first claim, the Petitioner focuses his appeal on Trial Counsel's advice to him regarding potential federal prosecution. We will limit our recitation of the facts adduced at the post-conviction hearing accordingly.

The Petitioner testified that he and Trial Counsel had determined that the Petitioner would proceed to trial on his charges. On his trial date, however, the Petitioner claimed that Trial Counsel told him that there was "a possibility that you will be found not guilty in your case, but the State is going to turn your case over to the Feds and they [were] going to prosecute you based on your past history; and it's a possibility that you can get more time." The Petitioner stated that this information "had [him] in a position where [he] felt like [he] . . . needed to change . . . [his] decision" about proceeding to trial. The Petitioner added, "My decision was to go on through trial . . . . But, when he told me that, it was like, I was going to be charged based on my past history. So, it throwed [sic] me for a loop." Thereafter, he decided to enter a "best interest" plea to the indicted charges. He stated, "My decision to plead was based on the fact that I ain't [sic] want to mess around and get sent over to the Feds and get more time based on my past history."

The Petitioner testified that, after he had pleaded guilty, he had a "chance to study more and [he] learned that everything that [Trial Counsel] was telling [him] wasn't true." In this regard, he stated, "I found out . . . I couldn't even had [sic] been charged like that" and that "there wasn't any evidence, or any facts that could prove me guilty on my case in the first place." He further maintained that he wanted to proceed to trial and that he believed that he could have "beat[en] this charge" because "the charge was really rigged up. It didn't really happen."

On cross-examination, the Petitioner agreed that, when Trial Counsel told him on his trial date that even if he was found not guilty at trial the federal government could prosecute him, that "spooked" him and "made [him] not want to go to trial." He stated that he was

-3-

"thinking that [he] could get rail roaded through the Federal Courts." He also agreed that he knew what convictions he had on his prior record and that "the Feds count all that against [him.]"

The Petitioner acknowledged that he had "been through the process over here a goodly [sic] number of times." He stated, however, that he "ain't [sic] never been this far" because he "mostly had guilty pleas when [he] came through here." He believed that Trial Counsel "fooled" him into pleading guilty because the federal government was not going to "pick [his] case up." He knew that the federal government was not going to prosecute him because he had been studying his case and "since [he had] been down in the penitentiary, [he] had a chance to talk to other people legal advisors." He agreed, however, that he was aware of the "safe street's task force," that they "specifically exist for joint Federal and State prosecution on car[]jackings and business robberies," and that his charges involved carjacking. The Petitioner again stated, "[Trial Counsel] had me believing that the Feds were gonna [sic] take over the case and they would be able to convict me just because of my past history and I could receive more time than I'm being offered." The Petitioner testified, "I decided that I'd probably come out better if I pled guilty."

The post-conviction court then asked the Petitioner, "Well, what is it then you, you wanted to plead guilty so that you wouldn't have to go do Federal time?" The Petitioner responded, "No, I wanted to plead guilty because I ain't want to get rail roaded in a Federal case." The post-conviction court next asked, "Now, you wanted to plead guilty over here so you wouldn't have to go get Federal time. Is that what you're saying?" He responded, "I just wanted a fair trial." The post-conviction court then asked, "Okay, then why did you plead guilty[,]" and he responded, "Because, [Trial Counsel] had me believe that just because of my past history . . . it's a possibility that they was gonna just use that and just give me time off that, because of my past history." He added that Trial Counsel told him that "they could convict you alone with your past history and give you more time."

The Petitioner called no other witnesses. The State put on no proof.

After the hearing, the post-conviction court denied the Petitioner's claims for relief. The post-conviction court stated that it had not "heard anything that gives [it] any reason to doubt that [the Petitioner's] plea was anything other than freely and voluntarily entered, with full knowledge of what he had to anticipate." In its subsequent written order, the post-conviction court reaffirmed its oral findings and concluded that the Petitioner "failed to carry his burden of proof that his plea was involuntary based upon ineffective assistance of counsel." The post-conviction court did not address the Petitioner's allegation that his conviction for employing a firearm during the commission of a dangerous felony was void or voidable.

The Petitioner timely appealed.

## Analysis

### Standard of Review

Relief pursuant to a post-conviction proceeding is available only where the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To prevail on a post-conviction claim of a constitutional violation, the petitioner must prove his or her allegations of fact by "clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f) (2006); see also Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). This Court will not overturn a post-conviction court's findings of fact unless the preponderance of the evidence is otherwise. Pylant v. State, 263 S.W.3d 854, 867 (Tenn. 2008); Sexton v. State, 151 S.W.3d 525, 531 (Tenn. Crim. App. 2004). We will defer to the post-conviction court's findings with respect to the witnesses' credibility, the weight and value of their testimony, and the resolution of factual issues presented by the evidence. Momon, 18 S.W.3d at 156. With respect to issues raising mixed questions of law and fact, however, including claims of ineffective assistance of counsel, our review is de novo with no presumption of correctness. See Pylant, 263 S.W.3d at 867-68; Sexton, 151 S.W.3d at 531.

### Ineffective Assistance of Counsel

The Petitioner contends that his plea is constitutionally invalid due to the ineffective assistance of counsel. Specifically, the Petitioner claims that he "was under a belief that without the traditional procedures afforded to an accused, [he] could be convicted in Federal Court solely because he had a prior criminal history." The Petitioner maintains that "his misunderstanding of the plea" "resulted from deficient performance [of Trial Counsel] and but for that deficiency [the Petitioner] would not have entered into the plea."

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel at trial.[2] Both the United States Supreme Court and the Tennessee Supreme Court have recognized that this right is to "reasonably effective" assistance, which is assistance that falls "within the range of competence demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.

---

[2] The Sixth Amendment right to counsel is applicable to the States through the Fourteenth Amendment to the United States Constitution. See Gideon v. Wainwright, 372 U.S. 335, 342 (1963); State v. Howell, 868 S.W.2d 238, 251 (Tenn. 1993).

1975).  The deprivation of effective assistance of counsel at trial presents a claim cognizable under Tennessee's Post-Conviction Procedure Act.  See Tenn. Code Ann. § 40-30-103; Pylant, 263 S.W.3d at 868.

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish two prongs:  (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense.  See Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).  The petitioner's failure to establish either prong is fatal to his or her claim of ineffective assistance of counsel.  Goad, 938 S.W.2d at 370.  Accordingly, if we determine that either prong is not satisfied, we need not consider the other prong.  Id.

To establish the first prong of deficient performance, the petitioner must demonstrate that his lawyer's "acts or omissions were so serious as to fall below an objective standard of 'reasonableness under prevailing professional norms.'"  Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (quoting Strickland, 466 U.S. at 688).  Our Supreme Court has explained that:

> [T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance.  It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence.  Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.

Baxter, 523 S.W.2d at 934-35 (quoting Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974)).  When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time."  Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689).  Additionally, a reviewing court "must be highly deferential and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  State v. Honeycutt, 54 S.W.3d 762, 767 (Tenn. 2001) (quoting Strickland, 466 U.S. at 689).  We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result.  Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991).  We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation."  Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

As to the prejudice prong, the petitioner must establish a "reasonable probability that but for counsel's errors the result of the proceeding would have been different." Vaughn, 202 S.W.3d at 116 (citing Strickland, 466 U.S. at 694). In the context of a guilty plea, our analysis of this prong

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Calvert v. State, 342 S.W.3d 477, 486 (Tenn. 2011).

As set forth above, the Petitioner claims that his plea is constitutionally invalid due to the ineffective assistance of counsel. Specifically, the Petitioner alleges that, on the day of trial, Trial Counsel misinformed him about the possibility of federal prosecution based on his prior record alone to such an extent that the Petitioner changed his mind about proceeding to trial. However, the post-conviction court rejected the Petitioner's testimony, finding that the Petitioner "failed to carry his burden of proof that his plea was involuntary based upon ineffective assistance of counsel" and that the court had not "heard anything that gives [it] any reason to doubt that [the Petitioner's] plea was anything other than freely and voluntarily entered, with full knowledge of what he had to anticipate." The post-conviction court's ruling included an implied finding that the Petitioner was not credible. This Court does not reassess credibility findings. Momon, 18 S.W.3d at 156. Because the Petitioner offered no proof other than his own testimony at the post-conviction hearing, and because the post-conviction court clearly found the Petitioner's testimony not credible, the Petitioner failed to prove the fact of trial counsel's alleged error by clear and convincing evidence. Accordingly, the Petitioner is entitled to no relief on this issue and we need not proceed to the Strickland two-prong analysis. See, e.g., Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009) ("[T]he Petitioner is required to prove the *fact* of counsel's alleged error by clear and convincing evidence. If that burden of proof is met, the court then must assess under Strickland whether that error 'fell below an objective standard of reasonableness.'")

*Statutorily Prohibited Conviction*

The Petitioner also contends that his conviction for employing a firearm during the commission of a dangerous felony must be set aside because it violates an express provision of Tennessee Code Annotated section 39-17-1324 (2010). The relevant provision provides as follows:

A person may not be charged with [employing a firearm during the commission of a dangerous felony] if . . . employing a firearm is an essential element of the underlying dangerous felony as charged. In cases where . . . employing a firearm [is an] element[] of the charged offense, the state may elect to prosecute under a lesser offense wherein . . . employing a firearm is not an element of the offense.

Tenn. Code Ann. § 39-17-1324(c) (2010). The Petitioner asserts that, in his case, employing a firearm was an essential element of the underlying dangerous felony of carjacking. Accordingly, he claims that his conviction of employing a firearm during the commission of a dangerous felony is void. The Petitioner relies on this Court's decision in Anthony D. Byers v. State, No. W2011-00473-CCA-R3-PC, 2012 WL 938976, at *8-9 (Tenn. Crim. App. Mar. 15, 2012), perm. app. denied (Tenn. Aug. 15, 2012).

We initially address the fact that, other than denying the Petitioner's petition for post-conviction relief in its entirety, the post-conviction court specifically did not address this issue. The Petitioner asserts that "because the post-conviction court, in its order denying post-conviction relief, did not address this matter, [the Petitioner] requests relief by overturning the conviction or relief as deemed appropriate." Pursuant to Tennessee Code Annotated section 40-30-111(b) (Supp. 2009), the post-conviction judge is required to "enter a final order" and "set forth in the order . . . all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground." This requirement has been deemed mandatory. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).[3] Nevertheless, because the purpose of this requirement is to facilitate appellate review of the post-conviction court's decision, "the failure of the [post-conviction] judge to abide by the requirement does not always mandate a reversal of the [post-conviction] court's judgment" when the record is otherwise adequate for review. Id. (citations omitted). Moreover, "the failure to meet the requirement neither constitutes constitutional abridgement nor renders the conviction or sentence of the [Petitioner] void or voidable." Id. Here, because the Petitioner's claim is purely a legal issue which we review de novo with no presumption of correctness, see Pylant, 263 S.W.3d at 867-68, the post-conviction court's failure to make specific findings on this issue does not preclude appellate review.

Although the Petitioner does not explain the precise nature of any alleged constitutional violation occasioned by a conviction that contravenes section 39-17-1324(c), we construe his claim as grounded in due process concerns. By promulgating this statutory provision, our legislature barred the criminal prosecution of violations of section 39-17-1324 when the underlying dangerous felony included, as an essential element, the use of a firearm.

_____

[3] The substance of the statute at issue in Swanson is the same as that codified in Tennessee Code Annotated section 40-30-111(b) (Supp. 2009).

-8-

The practical result is that, when the underlying dangerous felony includes the use of a firearm as an essential element, the separate crime of employing a firearm during the commission of the dangerous felony does not exist. In such an instance, this Court previously has recognized, "due process does not countenance the conviction of a nonexistent crime." State v. Michael L. Powell, No. E2011-00155-CCA-R3-CD, 2012 WL 1655279, at *15 (Tenn. Crim. App. May 10, 2012) (citing Adams v. Murphy, 653 F.2d 224, 225 (5th Cir. 1981)).

Nevertheless, we disagree with the Petitioner that his conviction of employing a firearm during the commission of a dangerous felony is void. The offense of carjacking may be committed in either of two ways: by use of a deadly weapon *or* by force or intimidation. Tenn. Code Ann. § 39-13-404(a) (2010). The Petitioner was charged with committing carjacking by force or intimidation, not by use of a deadly weapon. The Petitioner contends that, regardless of the verbiage contained in the indictment, the State's statement of proof upon which he entered his "best interest" plea included his use of a firearm. Accordingly, he argues that his conviction cannot stand.

This Court, however, previously has rejected this same argument. See State v. Jeremiah Dawson, No. W2010-02621-CCA-R3-CD, 2012 WL 1572214, at *7 (Tenn. Crim. App. May 2, 1012), perm. app. denied (Tenn. Sept. 20, 2012). In Dawson, a jury convicted the defendant of aggravated robbery, carjacking, and employing a firearm during the commission of a dangerous felony. Id. at *1. On direct appeal, the defendant argued that his "dual convictions for carjacking and employing a firearm during the commission of a dangerous felony violate[d] double jeopardy." Id. at *5. As in this case, the defendant had been charged with carjacking by use of force or intimidation. Id. The defendant premised his double jeopardy argument on the basis that the proof adduced at trial demonstrated that he used the firearm to intimidate his victims. Id.

In rejecting the defendant's argument, this Court focused on the statutory language of section -1324(c), emphasizing that the statute prohibits prosecution when "'possessing or employing a firearm is an essential element of the underlying dangerous felony *as charged*.'" Jeremiah Dawson, 2012 WL 1572214, at *6 (quoting Tenn. Code Ann. § 39-17-1324(c)) (emphasis added in Dawson). This Court concluded that the legislature's use of the term "as charged" indicated that "the legislature was authorizing, even encouraging, the State strategically to indict a defendant for both felonies." Id. at *7. Thus, we held that "the State's charging carjacking by use of force or intimidation and employing a firearm was not in direct contravention to Tennessee Code Annotated section 39-17-1324(c)." Id.

We recognize that, in the Byers case, this Court granted post-conviction relief on the basis that section -1324(c) directly had been contravened by the defendant's dual convictions of especially aggravated kidnapping and possessing a firearm during the commission of a

dangerous felony, thereby rendering the latter conviction void. See Anthony D. Byers, 2012 WL 938976, at *8-9. In that case, however, the defendant was indicted for committing the underlying dangerous felony by use of a deadly weapon. Id. at *8. The State argued that there was a substantive distinction between "deadly weapon" and "firearm." Id. This Court rejected the State's argument as follows:

> If the State could avert the constraints of the statute by always using the term "deadly weapon" instead of "firearm" when the deadly weapon at issue was clearly and solely a firearm, then section 1324(c) would essentially become meaningless because the State would never use the term "firearm" in an indictment. We cannot believe that it was our legislature's intent to draft a statute that could so easily be circumvented with a simple change of phraseology in the indictment.

Id. at *9.

Contrary to Byers, in the instant case, the State was not playing "fast and loose" with the language with which it charged the Petitioner with carjacking. Cf. Anthony D. Byers, 2012 WL 938976, at *9. Rather, the State had an option, expressly provided by the statutory language, as to how it charged the Petitioner with carjacking. It chose, legitimately, to charge the Petitioner with having committed carjacking by force or intimidation. The use of a firearm is not an essential element of a carjacking alleged to have been committed by force or intimidation. That a firearm may have been the means of accomplishing the force or intimidation in a particular case does not transform the use of the firearm into an essential element of the carjacking. Accordingly, the Petitioner's conviction of employing a firearm during the commission of a dangerous felony does not contravene section -1324(c). Therefore, he is not entitled to post-conviction relief on this basis.

## CONCLUSION

For the foregoing reasons, the Petitioner has failed to establish that he is entitled to post-conviction relief. Therefore, we affirm the judgment of the post-conviction court denying relief.

_____
JEFFREY S. BIVINS, JUDGE

-10-