IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 15, 2017

**MARK STEPHEN FOSTER v. JONATHAN LEBO, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6966      Joe H. Walker, III, Judge**

_____

**No. W2017-00924-CCA-R3-HC**

_____

Pro se petitioner, Mark Foster, appeals from the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief. Relying on Anthony D. Byers v. State, the petitioner argues in this appeal that his convictions for possession of a firearm during the commission of a dangerous felony are illegal and in direct contravention of Tennessee Code Annotated section 39-17-1324(c). No. W2011-00473-CCA-R3-PC, 2012 WL 938976, at *8 (Tenn. Crim. App. Mar. 15, 2012) perm. app. denied (Aug. 15, 2012). Upon our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Mark Foster, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Mark E. Davidson, District Attorney General; and Randall E. Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record shows that a Knox County grand jury indicted the petitioner on two counts of attempted first degree murder, two counts of employing a firearm during the commission of a dangerous felony, and one count of unlawfully carrying a firearm, with the intent to go armed, on the campus of a public school. On November 3, 2011, the petitioner entered guilty pleas to the indictment as charged and received an effective sentence of fifty-six years' incarceration. No other appeals were filed until April 3, 2017, when the petitioner filed the instant petition for writ of habeas corpus. His petition was summarily denied by the habeas corpus court on April 6, 2017. In its order denying

relief, the habeas corpus court noted that the petitioner had failed to attach to his petition copies of his indictment showing the allegations of attempted murder. On April 27, 2017, the petitioner filed a "Motion to Alter or Amend Judgment," along with certified copies of his indictment, moving the habeas corpus court to reconsider its previous order because the petitioner had been unable to obtain the indictment while incarcerated. On the same day, the petitioner filed a notice of appeal to this court. In response, the State argued, and the habeas corpus court agreed, that the petitioner's motion should be denied because the habeas corpus court lost jurisdiction to rule upon it given the petitioner's notice of appeal to this court.[1] We now review the instant appeal.

## ANALYSIS

The petitioner apparently argues that his convictions for possession of a firearm during the commission of a dangerous felony are illegal because they are in direct contravention of Tennessee Code Annotated section 39-17-1324(c). The State urges this court to dismiss the petitioner's habeas corpus appeal as incomplete because he failed to attach his indictments with the petition which were essential for determination by the habeas corpus court. The State further insists that the petitioner's convictions for employing a firearm during the commission of a dangerous felony are not void because a firearm is not an essential element of attempted first degree murder. For the reasons that follow, we affirm.

The procedural requirements for habeas corpus court relief are mandatory and must be scrupulously followed. Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007); Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing. Summers, 212 S.W.3d at 261. In the case herein, the petitioner's indictment for attempted first degree murder was not included with his petition for habeas corpus relief. The habeas corpus court noted in its order the necessity for the indictments to complete its review of the issue presented. In other words, without the indictment, the habeas corpus court was unable to determine the precise language used by the State to charge the petitioner with attempted first degree murder. The issue presented clearly required the reviewing court to evaluate the essential elements as charged in the indictment of the underlying offense to determine whether it

---

[1] The petitioner concedes in his brief on appeal that the habeas corpus court was without jurisdiction to review his amended filing after he filed the notice of appeal to this court.

violated Tennessee Code Annotated section 39-17-1324(c). [2] See e.g. State v. Oscar Thomas, No. W2012-01646-CCA-R3-PC, 2013 WL 5761398 at * 6-8 (Tenn. Crim. App., June 28, 2013). We therefore agree with the State and conclude that the indictments were essential for the habeas corpus court's review and ultimate determination. As such, the petitioner failed to adhere to the mandatory statutory requirements for a petition for writ of habeas corpus relief. Because the indictments were not included with or reviewed by the habeas corpus court, summary dismissal was proper.

Even assuming compliance with the procedural requirements of habeas corpus law, the petitioner is not entitled to relief for several other reasons. First, the petitioner contends that his dual convictions for attempted first degree murder and employing a firearm during the commission of a dangerous felony violate both the state and federal constitution. He recognizes that double jeopardy claims are not cognizable claims for habeas relief and instead submits that his dual convictions violate "the Eighth and Fourteenth Amendments based on cruel and unusual punishment and the denial of due process and equal protection of the law." For reasons not entirely clear, the petitioner supports his claim with citation to State v. Michael L. Powell, No. E2011-00155-CCA-R3-CD, 2012 WL 1655279, at *15 (Tenn. Crim. App. May 10, 2012) (citing and quoting Adams v. Murphy, 653 F.2d 224, 225 (5th Cir.1981) ("Nowhere in this country can any man be condemned for a nonexistent crime.")). The petitioner does not provide any other argument or analysis in support of his Eighth Amendment claim, and we deem it to be waived. Moreover, habeas corpus claims based on violations of due process and equal protection are not cognizable claims for habeas corpus relief. See Summers, 212 S.W.3d at 261 (stating that "the habeas corpus statutes are for the purpose of challenging a void judgment" while "a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights"); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)(reiterating that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding). Accordingly, the petitioner's claims, even if properly brought, would not render his judgments void.

---

[2] The statute in question, section 39-17-1324(c), provides, in pertinent part, as follows:

> (a) It is an offense to possess a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony.
> ....
> (c) A person may not be charged with a violation of subsection (a) or (b) if possessing or employing a firearm is an essential element of the underlying dangerous felony as charged. In cases where possession or employing a firearm are elements of the charged offense, the state may elect to prosecute under a lesser offense wherein possession or employing a firearm is not an element of the offense.

Finally, to the extent that the petitioner claims that his convictions for employing a firearm during the commission of a dangerous felony were illegal because they were in direct contravention of Tennessee Code Annotated section 39-17-1324(c), we acknowledge his reliance upon Anthony D. Byers v. State, 2012 WL 938976, at *8. Anthony D. Byers, a post-conviction case, declared a conviction for employing a firearm during the commission of a dangerous felony void where the proof established that the deadly weapon in question was a firearm, even though the indictment for the underlying offense, especially aggravated kidnapping, referred more broadly to a deadly weapon. As in Anthony D. Byers, the petitioner argues without much analysis that his convictions for employment of a firearm during the commission of a dangerous felony, to wit: attempted first degree murder, are void because he used a firearm during the underlying offense. We have previously rejected the same argument posited by the petitioner with regard to attempted second degree murder. State v. Roy Demond Duncan, No. W2012-00834-CCA-R3-CD, 2013 WL 2490551, at *5 (Tenn. Crim. App. June 7, 2013)(citing State v. Stacy Allen Bullard, No. E1999-00796-CCA-R3-CD, 2000 WL 277314, at *8 (Tenn. Crim. App. March 15, 2000), perm. app. denied (Tenn., Sept. 11, 2000) (the defendant's use of a firearm was an applicable enhancement factor because it is not an element of the offense of second degree murder); see State v. Anthony Tony Sandy, No. M2001-02376-CCA-R3-CD, 2003 WL 213776, at *7 (Tenn. Crim. App., Jan. 30, 2003), perm. app. denied (Tenn., May 27, 2003) ("As in a conviction for second degree murder, the use of a firearm is not an essential element of voluntary manslaughter.")(citing State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). Applying the same reasoning as we did in the aforementioned cases, the petitioner is not entitled to relief.

## CONCLUSION

Based on the above reasoning and analysis, the judgment of the habeas corpus court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

- 4 -